**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 24-150-DLB-CJS**

**CHRISTOPHER SILER**                                                            **PLAINTIFF**

**v.**                     **MEMORANDUM OPINION AND ORDER**

**CITY OF COVINGTON, KENTUCKY, et al.**               **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Motion to Dismiss filed by Defendants City of Covington, Kentucky and Brian Valenti, individually and in his official capacity as Police Chief for the City of Covington. (Doc. # 7). Plaintiff Christopher Siler filed a Response (Doc. # 12), Defendants filed a Reply (Doc. # 15), and the Motion is accordingly ripe for review. For the following reasons, Defendants' Motion to Dismiss is **granted**.

**I.**       **FACTUAL AND PROCEDURAL BACKGROUND**

This matter stems from Plaintiff Christopher Siler's efforts to become a police officer with the City of Covington. (Doc. # 1 ¶¶ 6-7). Plaintiff is an individual and resident of Boone County, Kentucky. (*Id.* ¶ 3). Defendant City of Covington is a Kentucky home rule class municipality. (*Id.* ¶ 4). Defendant Brian Valenti is and was at all relevant times the Chief of Police for the City of Covington. (*Id.* ¶ 5).

On or about October 14, 2023, Plaintiff applied for employment as a police officer with the City of Covington. (*Id.* ¶ 7). Thereafter, on or about November 9, 2023, Defendants made a conditional offer of employment to Plaintiff. (*Id.* ¶ 8). The offer was

1

conditioned upon Plaintiff's successful completion of a background investigation, medical examination, and drug screening, and Plaintiff having a "clear fingerprint report." (*Id.*). Plaintiff alleges that he satisfied all of these requirements. (*See id.* ¶¶ 9-11).

On or about February 27, 2024, the City of Covington's Board of Commissioners issued an order approving the hiring of Plaintiff as a police officer effective March 3, 2024. (*Id.* ¶ 13). On or about March 1, 2024, however, the City's human resources ("HR") director emailed Plaintiff to notify him that his offer of employment had been "rescinded." (*Id.* ¶ 14). Plaintiff alleges that Defendant Valenti directed the sending of the email. (*Id.*). According to Plaintiff, the decision to rescind his employment offer was based in part on a false accusation that he had unlawfully obtained and disclosed a confidential record in violation of Kentucky law. (*Id.* ¶ 15).

Thereafter, Plaintiff informed the Covington Board of Commissioners about the recission of his employment offer. (*Id.* ¶ 17). After asking one of the commissioners how he could contest the rescission, Plaintiff was told to contact the City's HR director. (*Id.*). The HR director only informed Plaintiff that it was Defendant Valenti's decision to rescind the offer "and provided no other information and afforded Plaintiff no opportunity to respond to the accusations against him." (*Id.*).

On or about March 12, 2024, Plaintiff contacted Defendant Valenti directly about the rescission of Plaintiff's employment offer. (*Id.* ¶¶ 18-19). Defendant Valenti told Plaintiff that the decision to rescind the offer was based in part on accusations from Plaintiff's "disgruntled ex-wife[.]" (*Id.* ¶ 19). Although Defendant Valenti confirmed that he also rescinded the offer for other reasons, he did not provide these additional reasons to Plaintiff nor give Plaintiff an opportunity to respond to them. (*Id.*). According to Plaintiff,

2

he has yet been afforded an opportunity to address the reasons that his employment offer was rescinded or "to clear his name so that he can obtain employment with any other police department." (*Id.* ¶ 20).

On September 23, 2024, Plaintiff initiated this action by filing his Complaint. (Doc. # 1). Plaintiff asserted three claims against Defendants: Count I (Denial of Procedural Due Process), Count II (Denial of Substantive Due Process), and Count III (Violation of Ky. Rev. Stat. § 15.520). (*Id.* ¶¶ 25-37).

On November 15, 2024, Defendants filed the instant Motion. (Doc. # 7). Defendants request that this Court dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*). Since then, Plaintiff has filed his Response (Doc. # 12),[1] Defendants have filed their Reply (Doc. # 15), and the Motion is accordingly ripe for review.

## II.     DISCUSSION

### A.     Standard of Review

Defendants move the Court to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6). (Doc. # 7). The Federal Rules of Civil Procedure require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1]     In his Response, Plaintiff "withdraws his state law claim in Count III of the Complaint." (Doc. # 12 at 1 n.1). The Court accordingly **grants** the Motion with respect to Count III without further analysis.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). This "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quotations omitted).

The plaintiff must put forward enough facts that the Court could reasonably infer "that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Hooker v. Anderson*, 12 F. App'x 323, 325 (6th Cir. 2001) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

**B.     Analysis**

Defendants argue that the Court should dismiss all of Plaintiff's remaining claims against them. (Doc. # 7). For organizational purposes, the Court addresses each of Plaintiff's remaining claims—and the parties' respective arguments about those claims—in turn.

*1.     Count I (Denial of Procedural Due Process)*

In support of Count I, Plaintiff alleges in his Complaint that Defendants "deprived [him] of his protected property interest in continued employment with the City of Covington without due process of law." (Doc. # 1 ¶ 26). Defendants make three arguments in favor of dismissal of this claim. First, Defendants argue that Plaintiff was a mere "conditional offeree" of the City of Covington, and that he accordingly had no protected property interest in future employment with the City. (Doc. # 7 at 5-8). Second, Defendants argue that even if Plaintiff were a City employee, "he was a probationary employee at best" and

4

that probationary employees have no protected property interest in their continued employment. (*Id.* at 8-9). Third, Defendants argue for the dismissal of Count I against Defendant Valenti based on the doctrine of qualified immunity. (*Id.* at 9-11).

In his Response, Plaintiff makes three arguments against the dismissal of Count I. First, Plaintiff argues that he had a protected property interest in his continued employment because (i) he successfully completed all conditions of employment and (ii) the Covington Board of Commissioners issued an order "directing the hiring of Plaintiff as a Covington police officer" which has not been rescinded. (Doc. # 12 at 4-6). Second, Plaintiff alternatively argues that he had a protected property interest in his continued employment because he was placed on an eligibility list for employment as a police officer. (*Id.* at 6-9). Third, Plaintiff argues that Defendant Valenti is not entitled to qualified immunity. (*Id.* at 19-22).

Title 42 U.S.C. § 1983 authorizes an individual to bring suit "against anyone who, under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelly*, 675 F.3d 580, 583 (6th Cir. 2012). Here, Plaintiff alleges that Defendants violated his procedural due process rights under the Fourteenth Amendment when they rescinded his employment offer. (Doc. # 1 ¶ 26).

To establish this claim, Plaintiff must show (1) that he had a protected property interest in his continued employment with the City, (2) that he was deprived of this interest within the meaning of the Due Process Clause, and (3) that he was not afforded adequate procedural protection before losing the interest. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). "Although the underlying substantive interest is created by an

5

independent source such as state law, federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 757 (2005) (internal quotations marks and emphasis omitted).

Upon review, the Court concludes that Plaintiff has not demonstrated a protected property interest in his continued employment with the City. Under § 33.03(D) of the Covington Code of Ordinances, all prospective police officers are required to complete a one-year probationary period before becoming "a permanent member of the Police Department." (Doc. # 7-1 at 6). And before completing this probationary period, a prospective officer's appointment to the police department is "conditional" and "at the discretion of the Police Chief[,]" and he "may be summarily removed by the Police Chief." (*Id.*); *see also* Ky. Rev. Stat. § 15.520(1)(h) (defining "Officer" as "a full-time peace officer . . . who has completed any officially established initial probationary period of employment[.]").

Here, it is undisputed that Plaintiff did not complete his one-year probationary period before his employment offer was rescinded. And because Plaintiff was, at best, a probationary employee of the City, he did not have a protected property interest in his continued employment. *See Conn v. Deskins*, 238 F. Supp. 3d 924, 934 (E.D. Ky. 2017) (Thapar, J.) ("There is authority for the notion that a probationary employee does not have a property interest in his continued employment because he can presumably be fired without cause."); *see also Stroder v. Ky. Cabinet for Health and Fam. Servs.*, No. 3:09-cv-00947-H, 2012 WL 967599, at *2 (W.D. Ky. Mar. 21, 2012) ("As a mere probationary employee of the state, [the plaintiff] possessed no property interest in his future

6

employment.").

As discussed above, Plaintiff alternatively argues that he had a protected property interest in his continued employment because he was placed on a certain eligibility list. In support, Plaintiff claims that eligible police department applicants such as himself "are placed on an eligibility list" and that "[r]emoving an applicant from the eligibility list, prior to the beginning of their employment, requires procedures that comport with due process requirements." (Doc. # 12 at 6). Specifically, Plaintiff notes that the Covington Code of Ordinances gives applicants facing potential removal from the eligibility list a right to "show cause before the City Manager or designee" and "an opportunity to be heard before the City Manager or designee." (*Id.* (citing Covington Code of Ordinances §§ 33.03(B)(4)(a), (c)). Plaintiff's alternative argument is unavailing.

As an initial matter, Plaintiff does not allege in his Complaint that he was removed from the eligibility list in the first place. (*See* Doc. # 1). Instead, he claims that his employment offer was rescinded before he could start working as a police officer. (*See id.*). Thus, the Court does not see how § 33.03(B)(4)'s procedural requirements were even relevant to Plaintiff's case. But even if such procedural requirements were relevant to his case and were not met, this would not by itself entitle Plaintiff to his requested relief. This is because "[v]iolation[s] of local law do[ ] not activate the 14th Amendment." *Nishiyama v. Dickson Cnty., Tenn.*, 573 F. Supp. 200, 203 (M.D. Tenn. 1983), *reversed on other grounds by* 779 F.2d 52 (6th Cir. 1985) (unpublished table decision); *see also Lynn v. Liberty Township, Ohio*, No. 4:19-cv-01735, 2020 WL 1083620, at *3 (N.D. Ohio Mar. 6, 2020) ("Mere allegations of state law violations, . . . are insufficient to state a claim under § 1983.").

7

Accordingly, the Court concludes that Plaintiff has not demonstrated a protected property interest in his continued employment with the City. Therefore, Defendants' Motion to Dismiss is **granted** as to Count I of Plaintiff's Complaint. Having granted the Motion as to Count I on other grounds, the Court need not address the parties' respective qualified immunity arguments.

### 2. *Count II (Denial of Substantive Due Process)*

In support of Count II, Plaintiff alleges in his Complaint that Defendants "deprived [him] of his protected liberty interest in his reputation without due process of law[.]" (Doc. # 1 ¶ 29). Defendants argue that Plaintiff's Complaint "fails to state a substantive due process claim." (Doc. # 7 at 13). Plaintiff contests Defendants' argument in his Response. (Doc. # 12 at 13-18).

"In this Circuit, an injury to one's reputation, good name, honor, or integrity constitutes a deprivation of a liberty interest only when five elements are satisfied." *Fernandez v. Lexington-Fayette Urb. Cnty. Gov't*, No. 06-cv-00130-JMH, 2007 WL 4571070, at *5 (E.D. Ky. Dec. 21, 2007) (citing *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 414 (6th Cir. 2002)).

> First, the allegedly stigmatizing statements must be made in connection with the loss of a governmental right, benefit, or entitlement. There is no constitutional liberty interest in one's reputation standing alone. Second, a plaintiff alleging an injury to a liberty interest must show that the defendant made defamatory statements that would foreclose his freedom to take advantage of other employment opportunities. Third, the stigmatizing statements or charges must be made public. Fourth, the plaintiff must claim that the charges made against him were false. And lastly, the public dissemination must have been voluntary.

*Id.*

As discussed above, Plaintiff has not demonstrated a protected property interest in his continued employment with the City. Consequently, he has also not established the first element of his substantive due process claim, and the Motion to Dismiss is properly granted as to Count II on this basis alone. *See id.* (Because the plaintiff "did not have a right or entitlement to his employment as a probationary police officer, . . . [he] cannot even establish the first element in the analysis for deprivation of his liberty interest."). Moreover, Plaintiff does not allege in his Complaint that Defendant Valenti or any other City official publicly or voluntarily disseminated any defamatory statements about Plaintiff. (*See* Doc. # 1). Instead, it appears that Plaintiff himself was the one who disclosed information about his rescinded job offer. (*See id.* ¶ 16 ("Plaintiff has applied for police positions with at least two other police departments in Northern Kentucky and *has had to disclose his separation from the Covington Police Department*.") (emphasis added). Accordingly, Plaintiff has also failed to establish the third and fifth elements of his substantive due process claim.

For these reasons, Defendants' Motion is **granted** as to Count II of Plaintiff's Complaint. Having granted the Motion as to Count II on other grounds, the Court need not address the parties' respective qualified immunity arguments.

### III. CONCLUSION

Thus, for the reasons set forth herein, **IT IS ORDERED** that:

(1)  Defendants' Motion to Dismiss (Doc. # 7) is **GRANTED**;

(2)  Plaintiff's Complaint (Doc. # 1) is **DISMISSED**;

(3)  This matter is **STRICKEN** from the Court's active docket; and

(4)  A Judgment in favor of Defendants will be entered contemporaneously

herewith.

    This 9th day of April, 2025.



Signed By:
**David L. Bunning**
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-150 MOO on MTD.docx